UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**VIANEY SOUQUETTE and**
**ROSS LONSDOF,**

    *Plaintiffs*,

v.                                                                                  Case No. 5:24-CV-0932-JKP-RBF

**AIRBNB, INC. and**
**GUILLERMO ALEJANDRO,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions filed by Defendant Airbnb, Inc. ("Airbnb"): (1) Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and to Compel Arbitration (ECF No. 7) and (2) Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 9). Plaintiffs have filed no response and the time for doing so has passed. For the reasons that follow, the Court grants the Rule 12(b)(2) motion, finds no need to address the alternative motion to compel arbitration, and deems moot the Rule 12(b)(6) motion.

### I. LACK OF RESPONSE

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(d)(2). By its terms, courts may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). Indeed, the Fifth Circuit has "recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam) (quoting *John v. Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985) (addressing matter in context of summary

judgment)). But it "ha[s] not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John*, 757 F.2d at 709 (discussing various dispositive motions). Furthermore, regardless of the local rule, courts may address an unopposed motion on the merits "in the interests of thoroughness." *See Suarez*, 2015 WL 7076674, at *2.

"The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 F. App'x 140, 143 (5th Cir. 2008) (per curiam). But, because "a dismissal for lack of personal jurisdiction is not a dismissal on the merits," such dismissals are "without prejudice." *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 603 (S.D. Tex. 2023) (citing *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 317 (5th Cir. 2020)). Thus, this Court is less concerned about summarily granting an uncontested Rule 12(b)(2) motion as unopposed in accordance with the local rules of this Court. Still, under the circumstances of this case, the Court declines to grant any motion merely because Plaintiffs have filed no response.

## II. PERSONAL JURISDICTION

In this case, subject matter jurisdiction is premised on diversity of citizenship. "A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). This "two-step inquiry collapses into one federal due process analysis" when based on Texas law "[b]ecause the Texas long-arm statute extends to the limits of federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

"The due-process standard is familiar: A defendant must make 'minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Christopher v. Depuy Orthopaedics, Inc. (In re DePuy Orthopaedics, Inc.,*

2

*Pinnacle Hip Implant Prod. Liab. Litig.)*, 888 F.3d 753, 777-78 (5th Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). "In this regard, the minimum contacts of a nonresident defendant with the forum state may support either 'specific' or 'general' jurisdiction." *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989).

General personal jurisdiction "requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d at 778 (citation and internal quotation marks omitted). Specific personal jurisdiction, on the other hand, exists only when the "defendant purposefully directs his activities toward the state" and when the asserted claims arise "out of or is related to the defendant's forum contacts." *Id.* (citations, internal quotation marks, and brackets omitted). And even if those minimum contacts exist, specific personal jurisdiction requires that the "[a]ssertion of jurisdiction . . . be fair and reasonable." *Id.* at 778 n.36.

"In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996). Courts may "determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* Courts, however, "usually resolve[] the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Because a "pretrial evidentiary hearing is intended to serve as a substitute for the resolution of factual and legal disputes relevant to jurisdiction at trial," courts must allow both sides "to submit affidavits and to employ all forms of discovery, subject to the district court's discretion and as long as the discovery pertains to the personal-jurisdiction issue." *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242 (5th Cir. 2008). Further, "if requested by the parties, the district court often should convene a hearing where it entertains live testimony." *Id.*

Plaintiffs have "the burden of establishing that the court has personal jurisdiction." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 211 (5th Cir. 2016). Although they have "the burden of demonstrating specific jurisdiction for each claim asserted against the nonresident defendant," they may carry that burden by making a prima facie showing when the Court limits itself to the pleadings. *Id*. at 211 & n.73. Further, "they need only present a prima facie case for personal jurisdiction" when the defendant has "predicated its motion" on matters outside the pleadings and the court does "not hold an evidentiary hearing." *Irving v. Owens-Corning Fiberglas Corp.*, 864 F.2d 383, 384 (5th Cir. 1989). The plaintiffs' burden is one "of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court." *Farrow*, 884 F.2d at 203.

"When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case . . . the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor." *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999) (quoted with approval in *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014) (per curiam)); *accord Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (noting that the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction"). "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). In other words, when "determining whether a prima facie case for jurisdiction exist[s]," courts accept "[u]ncontroverted allegations in" a pleading "as true" and they resolve "conflicts between facts in the parties' affidavits" in favor of the plaintiffs. *Kwik-Kopy*

4

*Corp. v. Byers*, 37 F. App'x 90 (5th Cir. 2002).

"Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999); *accord In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d at 778 n.36. This requires the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). "It is rare to say the assertion is unfair after minimum contacts have been shown." *Brandt*, 195 F.3d at 215.

In this instance, Airbnb has presented several exhibits with its Rule 12(b)(2) motion to dismiss, including an affidavit and declaration. *See* ECF No. 7-1 through 7-14. Although Plaintiffs have had a chance to respond to the motion and to present evidence to create a factual conflict with their own presented evidence, they have filed no response with their own evidence. Consequently, the facts presented by Airbnb through their submitted evidence are uncontroverted. Thus, at this juncture, based on the uncontroverted allegations in the operative pleading as supplemented by uncontested facts set out by Airbnb, the Court determines whether Plaintiffs have carried their burden to show a prima facie case of personal jurisdiction over Airbnb.

The Court has considered the entire record. Based on uncontroverted allegations made in Plaintiffs' operative pleading as supplemented with the uncontested facts presented through evidence submitted with Airbnb's motion, the Court cannot find that Plaintiffs have carried their burden to establish a prima facie case of personal jurisdiction over Airbnb.

As for general personal jurisdiction, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Because Plaintiffs' uncontroverted pleaded facts do not show Airbnb's "contacts with Texas are 'continuous and systematic' enough to render

it 'at home' in Texas, general jurisdiction is improper." *See id*. Airbnb's interactive website does not qualify as "continuous and systematic" contact that is sufficient to establish general jurisdiction." *See id*.

For specific jurisdiction, the Fifth Circuit "applies a three-step analysis." *Id*. at 433. Plaintiffs have the burden as to "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there" and "(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts." *Id*. If Plaintiffs "can successfully establish [those] prongs, then the burden shifts to [Airbnb] to show that exercising [personal] jurisdiction would be unfair or unreasonable." *Id*.

"Specific or case-linked jurisdiction depends on an affiliation between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation). *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (citation, internal quotation marks, and brackets omitted). Determining "whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Id*. at 283-84 (citation and internal quotation marks omitted). For specific jurisdiction, courts "look only to the contact out of which the cause of action arises." *Revell v. Lidov*, 317 F.3d 467, 472 (5th Cir. 2002).

This case concerns a rental listing on Airbnb's interactive website by Defendant Guillermo Alejandro for a rental in Mexico. From Texas, Plaintiffs booked the rental through the website. But the website is not directed to Texas users as distinguished from users in other states. Texas was not the focal point for the rental or the harm resulting from the rental. Standing alone, providing an interactive website is not sufficient for specific jurisdiction. *See Monkton*, 768 F.3d at 432-34 (noting such a website, discussing other contacts that might support specific jurisdiction, and

6

finding that the defendant had not "purposefully directed its activities toward Texas or purposefully availed itself of the privileges of conducting business in Texas"). Plaintiffs' uncontroverted allegations supplemented by the uncontested facts presented by Airbnb do not carry their burden to establish that Airbnb purposefully directed its activities toward Texas or that Airbnb purposefully availed itself of the privileges of conducting business in Texas.

Similarly, as supplemented, Plaintiffs' allegations fall short of carrying their prima facie burden to establish that their claims arise out of or results from Airbnb's forum-related contacts. Plaintiffs assert eight claims: (1) violation of the Deceptive Trade Practices Act ("DTPA"); (2) fraud; (3) unjust enrichment; (4) sexual assault/battery; (5) breach of fiduciary duty; (6) loss of consortium; (7) fraudulent concealment; and (8) negligent misrepresentation. Each of these claims arise from statements of Airbnb on the website or otherwise directed globally to Airbnb users. Some claims may also be based on acts that occurred in Mexico. Plaintiffs simply have not carried their burden to make a prima facie case that their claims arise from Texas contacts by Airbnb.

For these reasons, Airbnb is not subject to general nor specific personal jurisdiction. The claims against Airbnb are thus subject to dismissal without prejudice and there is no need for the Court to reach the alternative motion to compel arbitration. Nor is there any reason to address the Rule 12(b)(6) motion.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) (ECF No. 7) without reaching the alternate Motion to Compel Arbitration (ECF No. 7) and **FINDS MOOT** the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 9). The claims against Defendant Airbnb, Inc. are dismissed without prejudice for lack of personal jurisdiction. This dismissal does not preclude Plaintiffs from pursuing their claims in a court that has personal jurisdiction over Defendant Airbnb, Inc. or through an applicable arbitration process. The

dismissal of these claims renders it unnecessary for the Court to consider the alternative motion to compel arbitration and renders the Rule 12(b)(6) moot.

At this time, this case only proceeds against Defendant Guillermo Alejandro, who has yet to appear in this case. According to the Notice of Removal, at the time of removal, Plaintiffs had not served this defendant. *See* ECF No. 1 ¶ 6. Nothing of record indicates that Plaintiffs have served him. This case was removed to this Court more than ninety days ago. With respect to defendants not served within ninety days of the filing of the complaint, Fed. R. Civ. P. 4(m) generally requires dismissal of the action without prejudice unless the plaintiffs show good cause for the failure. Rule 4(m) permits the Court to raise the service issue sua sponte on notice to Plaintiffs. The Court hereby provides notice to Plaintiffs that it will dismiss this action against Guillermo Alejandro without prejudice under Rule 4(m) unless Plaintiffs shows cause why the Court should not do so. Accordingly, the Court hereby directs Plaintiff to show cause in writing, **on or before January 15, 2025**, why the Court should not dismiss this action against Guillermo Alejandro without prejudice. Until this matter is resolved, this case remains subject to the stay and administrative closure issued by the Magistrate Judge on November 19, 2024. *See* ECF No. 18.

**SIGNED this 5th day of December 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**